Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

FILED COURT

2013 MAY 24 PM 4: 00

CLERK OF COURT

GALEN LUJAN, JOSE OKADA, and ALICIA L. OKADA,

        Plaintiffs,

vs.

BRANT T. McCREADIE, and DINA C. McCREADIE,

        Defendants.

_____

BRANT T. McCREADIE, and DINA C. McCREADIE,

        Counterclaim Plaintiffs,

vs.

GALEN LUJAN, JOSE OKADA, and ALICIA L. OKADA,

        Counterclaim Defendants.

**CIVIL CASE NO. CV0831-10**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Court on Defendants' motion to dismiss for failure to prosecute, filed October 28, 2011. Oral arguments were heard on February 27, 2013. Attorney Jacques G. Bronze appeared on behalf of Plaintiffs and Attorney Minakshi V. Hemlani represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order granting the motion.

## BACKGROUND

On June 2, 2010, Plaintiffs filed a complaint to allege that Defendants breached promissory notes which they executed to purchase Plaintiffs' business, ASPAC Distributors, Inc. (Compl. 2-3.) On June 22, 2010, Defendants filed an answer and counterclaim to allege that Plaintiffs misrepresented the value and past performance of the business. (Answer and

Countercl. 2-4.) Defendants further allege that Plaintiffs continue to borrow against a line of credit for ASPAC Distributors, Inc. although they no longer own or control the business. *Id.*

On October 7, 2010, Plaintiffs submitted a proposed scheduling order which the Court entered on April 18, 2011. The parties participated in discovery and on May 23, 2011, Plaintiffs filed a motion for summary judgment. The motion was not presented with a hearing date via an "Agreement of Hearing Date," attachment "CVR 7.1A," pursuant to the Local Rules of the Superior Court CVR 7.1(b) and (e)(2).

On September 20, 2011, the case was reassigned to the Hon. Judge Arthur R. Barcinas. On October 28, 2011, Defendants filed the present motion to dismiss for the failure to prosecute pursuant to Guam R. Civ. P. 41(b).

On December 29, 2011, the case was reassigned to the Hon. Judge Anita A. Sukola. On January 18, 2012, the case was reassigned to the Hon. Judge Michael J. Bordallo. On March 7, 2012, the case was reassigned to the Hon. Judge Elizabeth Barrett-Anderson. On May 22, 2012, the case was reassigned to the Hon. Judge James L. Canto II.

On June 28, 2012, ASPAC Distributors, Inc. entered a consent judgment with First Hawaiian Bank in Civil Case No. CV0071-12 in order to settle the line of credit that Plaintiffs continued to use after they sold the business and filed suit on the promissory notes. (Defs.' Reply 4-5, Feb. 20, 2013.) On October 30, 2012, the case was reassigned to the present Court.

In opposition to the motion to dismiss, Plaintiffs' counsel argues that the delay is excused by the following causes: 1) efforts to schedule a hearing on Plaintiffs' motion for summary judgment before it was filed; 2) judicial disqualifications and reassignments; and 3) ongoing settlement negotiations until October 25, 2011. (Decl. of Jacques G. Bronze, Feb. 13, 2013; Pls.' Opp'n 7-9, Feb. 13, 2013.) These assertions are discussed as a part of factor 1, *infra*.

## DISCUSSION

Under Guam law, "a defendant may move for dismissal of an action," for want of prosecution. Guam R. Civ. P. 41(b). The following factors are considered in order to determine whether the sanction of dismissal is appropriate for the failure to prosecute: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the

risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions. *Santos v. Carney*, 1997 Guam 4 ¶ 5 (*quoting In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)). These factors will be considered in order.

## 1. Public's interest in expeditious resolution of litigation and the court's need to manage its docket

The expeditious resolution of litigation and docket management are ordinarily considered together. *Santos*, 1997 Guam 4 at ¶ 7. The, "public's interest in expeditious resolution of litigation always favors dismissal." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 18 (*quoting Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). "Proper docket management leads to more efficient administration of justice which is in the public's interest." *In re Estate of Concepcion*, 2003 Guam 12 ¶ 17.

In this case, Plaintiffs did not pursue their motion for summary judgment after it was filed on May 23, 2011. The Court did not schedule a hearing because Plaintiffs did not file an "Agreement of Hearing Date," attachment "CVR 7.1A," as required by Local Rules of the Super. Ct. CVR 7.1(e)(2). Plaintiffs allege that efforts were made to schedule a hearing before the motion was filed. These efforts do not excuse inactivity after the motion was filed. Plaintiffs did not file a motion to request a hearing date or seek to schedule a status conference. *Compare Quitugua*, 2004 Guam 19 at ¶ 19. Without any progress in the case, the Court heard Defendant's motion to dismiss on February 27, 2013, more than one year after the motion for summary judgment was filed.

Plaintiffs argue that this delay is excused by settlement negotiations. "Settlement efforts may constitute excusable delay under Rule 41(b). ...[However] 'the pendency of negotiations is not an excuse where the delay is unreasonably long ... or if it continues after it is apparent that the negotiations would not be fruitful.'" *Park v. Kawashima*, 2010 Guam 10 ¶ 16 (*quoting Cox v. Cox*, 976 So.2d 869, 875 (Miss. 2008)). Settlement negotiations ended on October 25, 2011 when Defendants withdrew a counteroffer. (Decl. of Jacques G. Bronze, Feb. 13, 2013.)

Efforts to negotiate did not resume. *Id.* In other words, settlement negotiations do not excuse the delay after October 25, 2011.

Plaintiffs contend that judicial disqualifications and reassignments excuse their delay. However, judicial delay does not excuse a plaintiff's duty to prosecute an action. *Ward v. Reyes*, 1998 Guam 1 ¶ 23. *See also McClenithan v. Lovato*, 432 P.2d 836, 838 (N.M. 1967) (disqualification of trial judge does not defeat ability of plaintiff to bring case to final determination). Judicial disqualifications do not defeat Plaintiffs' ability to prosecute or excuse the duty to prosecute.

Furthermore, the delay violates the Supreme Court's time standards for the expeditious resolution of litigation and the efficient administration of justice. *See* Supreme Court of Guam Administrative Rule 06-001 (Sep. 15, 2006) (civil claims must be adjudicated within 18 months of inception). For all of these reasons, the delay is unreasonable and it harms the public's interests. The first two factors weigh in favor of dismissal.

**2.    Risk of prejudice to Defendant**

A plaintiff bears the burden to show, "that the delay is reasonable and that the defendant is not prejudiced by the delay." *Santos*, 1997 Guam 4 at ¶ 5 (*citing Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984)). Once a delay is determined to be unreasonable, prejudice to the Defendant is presumed. *Park*, 2010 Guam 10 at ¶ 21 (*quoting Santos*, 1997 Guam 4 at ¶ 8). "Presumed prejudice is sufficient to support a dismissal under GRCP 41(b)." *Santos*, 1997 Guam 4 at ¶ 8.

In the present case, Plaintiffs have failed to show that the delay from October 25, 2011 until February 27, 2013 is reasonable. Prejudice to Defendants is presumed. *See* discussion *supra*. Moreover, Defendants' counterclaim and motion to dismiss allege that Plaintiffs continued to borrow against ASPAC Distributors, Inc. during the delay although they no longer own or control the business. ASPAC Distributors, Inc. entered a consent judgment to pay this debt to First Hawaiian Bank. In this manner, it appears that Plaintiffs unreasonable delay may have caused actual prejudice to Defendants. For these reasons, the prejudice suffered by Defendants weighs in favor of dismissal.

### 3. Public policy favoring disposition on the merits

The public policy favoring disposition on the merits ordinarily weighs against dismissal. *Santos*, 1997 Guam 4 at ¶ 9. Although this factor does not favor dismissal, "[t]he public policy of determining cases on their merits should not be used defensively as a shield by a passive Plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff." *Id.*

In order to determine whether dismissal is appropriate in light of the public policy favoring disposition on the merits, this fourth factor is weighed against the first two factors. *See, e.g.*, *Kawashima*, 2010 Guam 10 at ¶ 22; *Concepcion*, 2003 Guam 12 at ¶ 23 ("[I]t must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket."). The fourth factor should also be weighed against the third factor if prejudice is suffered. *Santos*, 1997 Guam 4 at ¶ 9 ("This factor is weighed against the prejudice suffered by the Defendants."). The fourth factor is weighed against all of the other factors. *Quitugua*, 2004 Guam 19 at ¶ 20.

### 4. Availability of less drastic sanctions

Under the final factor, "[t]he trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos* 1997 Guam 4 at ¶ 10. An action may be dismissed without advance warnings or lesser sanctions. *Id.*

Here, the imposition of lesser sanctions, like an award of expenses, shall not meaningfully remedy more than a year of substantive inactivity. Plaintiffs do not offer reasonable alternative sanctions and any lesser sanction shall encourage neglect and further delay in this case. For these reasons, the unavailability of less drastic sanctions weighs in favor of dismissal.

///

///

///

## CONCLUSION

In consideration of these factors, only the fourth factor, the interest in disposition on the merits, does not weigh in favor of dismissal. Dismissal is supported by the public interest in expeditious resolution of litigation, the Court's need to manage its docket, the prejudice suffered by Defendants and the unavailability of less drastic sanctions. For this reason, dismissal is an appropriate remedy and Defendant's motion is granted. *See Park*, 2010 Guam 10 at ¶ 10 ("Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal.").

Based upon the foregoing, Defendants' motion to dismiss for the failure to prosecute under Guam R. Civ. P 41(b) is hereby GRANTED and Plaintiffs' claim for breach of promissory notes is hereby DISMISSED upon its merits and with prejudice.

Pursuant to Guam R. Civ. P. 54(b), the Court determines that there is no just reason to delay final judgment against the Plaintiffs' claims and it hereby directs the entry of a final judgment accordingly.

**SO ORDERED this** MAY 24 2013 **day of May, 2013.**

_____
**RICHARD H. BENSON**
**Judge *Pro Tempore*, Superior Court of Guam**

I do hereby certify ... ... ... Judgment
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAY 24 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
Herman, Fisher

Date: 5/24/13  Time: ____

Deputy Clerk, Superior Court of Guam